Firemen — Unrelated Disability — Pension Under 11 O.S. 365 [11-365] (1968), a fire department is not obligated to restore a fireman to active duty where the cause of disability is from causes not arising m the line of duty as a fireman. The Attorney General has had under consideration your letter of recent date wherein you request an opinion regarding the following subject: "A question has arisen in several fire departments as to whether or not a fire department is obligated to restore a fireman to service when the cause for his disability was not a result of the performance of his duties as a fireman." The portion of our statutes applicable to your inquiry is O.S.L. 1965, ch. 104, Section 1 (11 O.S. 365 [11-365] (1968)) which provides in relevant part as follows: "Whenever any person serving in any capacity in a regularly constituted Fire Department of a city or town of the state shall become so physically or mentally disabled as to prevent the effective performance of his duties while in, and in consequence of, the performance of his duty as such employee, the Board of Trustees of the Firemen's Relief and Pension Fund may, upon his written request, or without such request if it deem it for the good of said Department, retire such person from active service, and if so retired, shall order and direct that he be paid . . . a monthly pension . . .; provided that whenever such disability shall cease such disability pension shall cease; provided further, that if said disability ceases within three years from the date of his disability retirement or within a period of time which shall be calculated as twenty-three years less the total time said person has served as a member of a regularly constituted Fire Department of any city or town of the state, whichever period of time shall be the greater, said formerly disabled person shall be restored to active service at the salary attached to the rank he held at the home of his disability retirement . . . . Provided further, that whenever any such person, who has served in any capacity in a regularly constituted Fire Department of a city or town of the state, who has served less than twenty-years shall become so physically or mentally disabled as to prevent the effective performance of his duties or Shall suffer death from causes not arising in the line of duty, he or his widow, as the case may be, Shall be entitled to a pension during the continuance of said disability based upon his service period which shall be calculated on the basis of one-twentieth of the usual pension for each year such person has been in the service with a part of a year being counted as a full year, and the monthly salary to be calculated as the average salary paid to such person during his period of service." (Emphasis added) The above set out statute deals with two primary contingencies, the first being incapacity as a consequence of performance of duty, in which case one may be retired with the proviso that if the disability ceases within the prescribed period the retired person ". . . shall be restored to active service. . . ." The second contingency dealt with is incapacity not as a consequence of performance of duty, in which case a pension is authorized. That the Legislature provided for the restoration to service in the former instance, and not in the latter event of incapacity not connected with performance of duty evidences that such restoration was considered necessary in the one case and not necessary in the other. We would point out, however, that the statute in no way would prohibit restoration to service in the event of incapacity not connected with performance of duty. Therefore, it is the opinion of the Attorney General that under O.S.L. 1965, ch. 104, Section 1 (11 O.S. 365 [11-365] (1968)) a fire department is not obligated to restore a fireman to active duty where the cause of disability is from causes not arising in the line of duty as a fireman. (J. Dell Gordon)